IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|   |   |
|---|---|
| In re: *Ex Parte* Application of SPS I FUNDO DE INVESTIMENTO DE AÇÕES – INVESTIMENTO NO EXTERIOR for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782 | No. 21-mc-532-RGA-JLH |

**MEMORANDUM ORDER**[1]

On December 8, 2021, the Court granted Petitioner SPS I Fundo de Investimento de Ações – Investimento no Exterior's ("Petitioner's") *Ex Parte* Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782. (D.I. 1 (Application); D.I. 4 (Order).) The Court's Order authorized Petitioner to issue subpoenas to Respondent Colorado Investment Holdings LLC f/k/a Blessed Holdings LLC ("Respondent") to obtain discovery for use in proceedings in Brazil, "without prejudice to the Respondent's right to assert objections in relation to the subpoenas . . . ." (D.I. 4 at 2.) Now pending before the Court is Respondent's Motion to Vacate the Court's Order and Quash Subpoenas. (D.I. 9.)

---

[1] The Third Circuit has not decided whether a magistrate judge's decision on a § 1782 application is "dispositive"—meaning that it should be issued as a "Report and Recommendation" to the district judge and reviewed *de novo*, see 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. Proc. 72(b)— or "nondispositive"—meaning that it may be ordered by the magistrate judge and may be reconsidered by the district court judge only when it is clearly erroneous or contrary to law. *See Arcelik A.S. v. E.I. DuPont de Nemours & Co.*, 856 F. App'x 392, 396 n.6 (3d Cir. 2021).
    It is not for me to opine on how this ruling should be reviewed. I note that the Third Circuit treats rulings on administrative subpoenas as dispositive, *see NLRB v. Frazier*, 966 F.2d 812, 815– 18 (3d Cir. 1992), and there might not be a principled basis to distinguish § 1782 petitions from administrative subpoena enforcement proceedings. That said, the Third Circuit recently acknowledged that "the majority of district courts to consider [the] question have determined § 1782 orders are non-dispositive." *Arcelik*, 856 F. App'x at 396 n.6. Should Judge Andrews conclude that this issue is dispositive, I offer this as a Report and Recommendation.

Respondent's motion to quash has been fully briefed, and the parties have filed numerous declarations and status reports. (D.I. 10, 11, 12, 13, 16, 17, 18, 21, 22, 23.) Having reviewed the parties' submissions, for the reasons set forth below, Respondent's Motion to Vacate the Court's Order and Quash Subpoenas (D.I. 9) is GRANTED, and Petitioner's Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782 (D.I. 1) is DENIED.

I.  BACKGROUND

Petitioner requests discovery ostensibly for use in Brazilian administrative proceedings emanating from a 2009 corporate merger transaction in Brazil, in which JBS S.A., the world's largest meat processing company, purchased Bertin S/A. In 2019, the *Comissão de Valores Mobiliários* ("CVM"), the Brazilian securities and exchange commission, launched an administrative proceeding related to allegations that the controlling shareholders of JBS S.A.—Joesley Mendonça Batista and Wesley Mendonça Batista (the "Batistas")—committed fraud through a complex transaction whereby the Batistas, using a shell company named Blessed Holdings, secretly siphoned JBS shares worth over 1 billion Brazilian real out of the transaction and into their pockets.

In 2018, almost a decade after the transaction at issue, Petitioner purchased shares in JBS S.A. (D.I. 11.) Shortly thereafter, Petitioner initiated a private commercial arbitration action against the Batistas and others, alleging breach of fiduciary duty and fraud in connection with the JBS-Bertin transaction. (*Id*.) The arbitration is apparently ongoing.

Petitioner is not a party to the CVM proceeding and has never sought to be included as a formal participant in that proceeding as an *amicus curiae* or any other form of participant recognized by the Brazilian legal system. (D.I. 16, Ex. A; D.I. 23, Ex. A.) Notwithstanding, in 2021, Petitioner filed in the CVM proceeding "certain documents and information to the case

records," including an alleged secret agreement employed as part of the fraudulent scheme involving Blessed Holdings. (D.I. 21, Ex. A.) Petitioner requested that the CVM consider the alleged secret agreement as part of the administrative proceeding. (*Id*.) The Batistas moved to exclude the agreement from the record of the CVM proceeding. (*Id*.) The CVM denied the motion and accepted the agreement into the record, pointing out (among other things) (i) that the agreement was available on the Internet, (ii) that Art. 5, item XXXIV of the Brazilian Constitution guarantees the public the general right to bring grievances and information to the attention of public authorities, and (iii) that the Brazilian administrative code provides rights to those "that, without having initiated the process, have rights and concerns that may be affected by the ruling to be adopted." (*Id.*; D.I. 16, Ex. A; D.I. 22, Ex. A.; D.I. 23, Ex. A.)

On December 6, 2021, Petitioner filed an *ex parte* Application, seeking documents and testimony from Colorado Investment Holdings LLC f/k/a Blessed Holdings LLC (Delaware) pursuant to 28 U.S.C. § 1782. (D.I. 1.) On December 8, 2021, Judge Andrews issued an Order granting the Application. (D.I. 4.) On January 10, 2022, Respondent filed the pending motion, which seeks to vacate the Court's Order and quash the subpoenas. (D.I. 9.) Judge Andrews subsequently referred the action to me. (D.I. 20.)

## II.   LEGAL STANDARD

Section 1782 of Title 28 authorizes a district court, "upon the application of any interested person," to "order" a person "resid[ing]" or "found" in this district to give testimony or produce documents "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). In accordance with *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), the court follows a two-step process to determine whether to grant judicial assistance under 28 U.S.C. § 1782. First, the court analyzes whether § 1782 authorizes the requested discovery. *Id.* at 263–

64. If the statutory conditions are satisfied, the court then determines in its discretion whether the requested discovery should be allowed, taking into consideration the factors identified by the Supreme Court in *Intel*. *Id.*

### III. DISCUSSION

I find that Petitioner does not meet the statutory requirements so I need not address the *Intel* factors. *See, e.g.*, *Matter of Wei for Order Seeking Discovery Under 28 U.S.C. § 1782*, No. 18-mc-117-RGA, 2018 WL 5268125 at *1, *3 (D. Del. Oct. 23, 2018) ("As Applicant has not met the statutory requirements, there is no need to analyze the *Intel* factors.").

In particular, I find that Petitioner is not an "interested person" within the meaning of § 1782. Although Petitioner's original *ex parte* petition claimed that it had been "formally recognized as an interested party" by the CVM (D.I. 2 at 18), the current record before the Court makes clear that Petitioner has never sought formal participation rights in that proceeding. (D.I. 23, Ex. A.) Petitioner nevertheless contends that it is an "interested person" within the meaning of § 1782 because it has a general right under Brazilian law to provide information to public authorities, and it points out that the CVM has already accepted information provided by Petitioner notwithstanding that it is not a formal participant in the CVM proceeding. Respondent disputes Petitioner's characterization and contends that the right of Brazilian citizens to petition public authorities is insufficient, on its own, to render "interested person" status.[2]

I agree with Respondent that Petitioner has not established that it has sufficient procedural rights in the CVM proceeding to qualify as an "interested person" within the meaning of § 1782. As Petitioner is not, and has not sought to become, formally recognized as a participant in that

---

[2] Respondent also hypothesizes that Petitioner's true intention is to use the requested discovery in its private arbitration proceeding, which is not a "foreign or international tribunal" for purposes of § 1782.

proceeding, Petitioner has no participation rights beyond those that Brazilian law provides to every citizen. Unlike in *Intel*, where the § 1782 applicant had "a significant role" in a foreign proceeding that it had initiated—including the right to submit information in support of its complaint and the right to seek judicial review, 542 U.S. 256–57—here, Petitioner can merely give information to the CVM and hope that the CVM decides to use it.[3] That is not enough. *Cf. Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 120 (2d Cir. 2015) ("[T]he ability simply to pass on information to parties in a proceeding, without more, cannot confer 'interested person' status any more than the ability of *amicus* counsel to pass along evidence and arguments to counsel representing one of the parties in litigation."). The fact that Brazilian law bestows upon all 250 million of its citizens the right to provide information to public authorities does not transform § 1782 into a mechanism for Brazilian shareholders to use U.S. federal courts to conduct private investigations. Petitioner is not an "interested person" under § 1782.[4]

---

[3] Petitioner asserts that an April 20, 2022 CVM order "recognized Applicant as an 'interested third party.'" (D.I. 21 at 2; Ex. A.) Respondent subsequently provided a dueling translation of that order, which describes Petitioner as a "third party that is interested in a proceeding." (D.I. 22 at 1, Ex. A.) In any event, the CVM clarified in a May 9, 2022 order that "there was no motion from the [Petitioner] to be included in the Process as an *amicus curiae* or other form of formal participation," and referred back to its December 30, 2021 order which similarly stated that "there is no formal request by the [Petitioner] to have its hypothetical right to intervene formally in this Case as an interested third party recognized, whether as an assistant, *amicus curiae* or under any other form of third party intervention admitted in the Brazilian legal system[.]" (D.I. 23, Ex. A; D.I. 16, Ex. A.) Thus, regardless of which translation is more accurate, the legally operative fact is that the CVM has not conferred upon Petitioner any formal legal status or rights beyond the rights provided to every Brazilian citizen who might somehow be affected by the outcome of an administrative proceeding.

[4] Petitioner has not identified any other "reasonable interest in obtaining judicial assistance" that, alone or in combination with its rights under Brazilian law, qualifies it as an interested person. *Intel*, 542 U.S. at 256 (internal marks omitted). Petitioner has not, for instance, claimed an agency or other legal relationship with the parties to the CVM proceeding. *See KPMG*, 798 F.3d at 120 (noting that a "recognized relationship, such as that of agent and principal" or creditor and debtor "may be sufficient to make an otherwise stranger to the proceeding an

5

## IV. CONCLUSION

NOW THEREFORE, for the reasons set forth above, it is HEREBY ORDERED that:

1. Respondent's Motion to Vacate the Court's Order and Quash Subpoenas (D.I. 9) is GRANTED;

2. Petitioner's *Ex Parte* Application for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782 (D.I. 1) is DENIED.

Date: November 1, 2022

_____
The Honorable Jennifer L. Hall
UNITED STATES MAGISTRATE JUDGE

---

'interested person'"). Nor is Petitioner's financial position in JBS sufficient to confer interested person status. *Id.* at 119 n.6 (rejecting idea that "a mere financial interest confers 'interested person' status under § 1782"). And Petitioner cannot invoke § 1782 to obtain evidence for use in its private arbitration proceeding. *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 142 S.Ct. 2078, 2089 (2022) (holding that "[p]rivate adjudicatory bodies do not fall within § 1782").

6